UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTHA WOOD,
on behalf of minor B.W.,

       Plaintiff,

v.

                                         Civil Case No. 20-10337
                                         Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## **OPINION AND ORDER**

On June 20, 2016, Plaintiff, on behalf of her minor child B.W., applied for Supplemental Security Income ("SSI") under the Social Security Act, alleging a disability onset date of April 25, 2016. The Social Security Administration denied Plaintiff's application for benefits initially. Upon Plaintiff's request, Administrative Law Judge Laura Chess ("ALJ") conducted a de novo hearing on September 14, 2018. The ALJ issued a decision on January 7, 2019, finding B.W. not disabled within the meaning of the Social Security Act and therefore not entitled to benefits. The ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner") when the Social Security Appeals Council denied review.

On February 10, 2020, Plaintiff initiated the pending action challenging the Commissioner's decision. On the same date, the matter was referred to now-retired Magistrate Judge R. Steven Whalen "for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C)."[1] (ECF No. 3.) The matter was reassigned to Magistrate Judge Curtis Ivy, Jr. on October 15, 2020. The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 17, 19.)

On July 13, 201, Magistrate Judge Ivy issued a Report and Recommendation (R&R) in which he recommends that this Court deny Plaintiff's motion for summary judgment, grant the Commissioner's motion, and affirm the

---

[1] Plaintiff's counsel is advised that the title *magistrate* no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, Pub. L. No. 101-650, §321, 104 Stat. 5089 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). *See* Ruth Dapper, *A Judge by Any Other Name? Mistitling of the United States Magistrate Judge*, 9 FED. COURTS L. REV. 1, 5-6 (2015). Thus, the word "magistrate" is no longer appropriately used as a noun in federal courts, but only as an adjective, indicating the *type* of judge to which one is referring. Case law also sometimes uses the term "magistrate," perhaps because some cases may involve "magistrates" as defined under pertinent *state* law, but at other times just out of carelessness in reference to federal magistrate judges. In the latter case, it is the equivalent of calling a district judge "district," a bankruptcy judge "bankruptcy," a circuit judge "circuit," or perhaps just as inappropriately, a lieutenant colonel "lieutenant." Thus, the correct salutation is either "Magistrate Judge" or simply "Judge."

Commissioner's decision. (ECF No. 20.) Although recognizing that the ALJ did not provide any analysis when deciding that B.W. did not meet or medically equal the paragraph B criteria for one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, specifically Listing 112.11, Magistrate Judge Ivy concludes that the error was harmless. (*Id.* at Pg ID 468, 479.) Magistrate Judge Ivy finds that "[t]he ALJ's discussion of the evidence [elsewhere in her decision] allows the Court to discern how the ALJ 'would have' reasoned had she provided a fulsome analysis of the paragraph B criteria." (*Id.* at Pg ID 477.) Magistrate Judge Ivy finds substantial evidence in the record to support the ALJ's decision. (*Id.* at Pg ID 479.)

At the conclusion of the R&R, Magistrate Judge Ivy advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id*. at Pg ID 480.) After receiving an extension to do so, Plaintiff filed objections to the R&R on August 10, 2021. (ECF No. 22.) The Commissioner filed a response to those objections on August 25, 2021. (ECF No. 24.)

## Standard of Review

The Social Security Act provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the

3

decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin*. 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks and citation omitted).

The court reviews de novo the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id*.

### Summary of the ALJ's and Magistrate Judge's Decisions

As outlined in the ALJ's and Magistrate Judge Ivy's decisions, there is a three-step framework for child disability determinations. First, the child must not be engaged in "substantial gainful activity;" second, the child must have a "severe"

4

impairment; and third, the severe impairment must meet, medically equal, or be functionally equal to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). *See* 20 C.F.R. § 416.924. The ALJ concluded that B.W. had not been engaged in substantial gainful activity since the application date and that she has the following severe impairments: speech-language impairment, hearing loss, learning disorder, and anxiety disorder. (ECF No. 10 at Pg ID 42.)

At step 3, the ALJ first concluded that B.W. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (*Id*. at 43.) In reaching this decision, the ALJ considered several Listings but only Listing 112.11 is at issue here. (*Id*. at Pg ID 43-44.)

Listing 112.11, Neurodevelopmental Disorders for children age 3 to attainment of age 18, has two paragraphs, designated A and B, and a claimant must satisfy both. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, Listings 112.00. Paragraph A includes the medical criteria that must be present in a claimant's medical evidence. *Id.* Paragraph B provides the functional criteria used to evaluate how the claimant's mental disorder limits his or her functioning. For Listing 112.11 these paragraphs are:

    A.  Medical documentation of . . .

    1. One or both of the following:

    a. Frequent distractibility, difficulty sustaining attention, and difficulty organizing tasks; or

5

    b. Hyperactive and impulsive behavior (for example, difficulty remaining seated, talking excessively, difficulty waiting, appearing restless, or behaving as if being "driven by a motor").

  2. Significant difficulties learning and using academic skills; or

  3. Recurrent motor movement or vocalization.

AND

B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 112.00F):

  1. Understand, remember, or apply information (see 112.00E1).

  2. Interact with others (see 112.00E2).

  3. Concentrate, persist, or maintain pace (see 112.00E3).

  4. Adapt or manage oneself (see 112.00E4).

*Id*. The ALJ concluded that Listing 112.11 is not met, providing:

> Although the claimant has impairments that are considered to be "severe," the claimant's impairments, singly or in combination, do not meet or equal the requirements set forth in the Listing of Impairments. I find that the claimant has marked limitations in understanding, remembering, and applying information; moderate limitations in interacting with others; moderate limitations in concentrating, persisting, or maintaining pace, and mild limitations in managing oneself.

> . . . the claimant does not have the following: A) Medical documentation of the requirement of recurrent motor movement or vocalization, significant difficulties learning and using academic skills, or one of the following: frequent distractibility, difficulty sustaining attention, and difficulty organizing tasks OR hyperactive and impulsive behavior AND B) an extreme limitation of one or marked limitation of two of the following areas of mental functioning:

6

>  Understand, remember, or apply information, interacts with others; concentrate, persist, or maintain pace; and adapt or manage oneself.

(ECF No. 10 at Pg ID 44.)

The ALJ next concluded that B.W. does not have an impairment or combination of impairments that functionally equals the severity of the Listings. (*Id*. at Pg ID 44-58.) In making this determination, an ALJ considers the record and evaluates the claimant's limitations in six functional equivalence domains: (a) acquiring and using information; (b) attending and completing tasks; (c) interacting and relating with others; (d) moving about and manipulating objects; (e) caring for yourself; and (f) health and physical well-being. (*Id*.) To functionally equal the listings, the claimant's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d).

A "marked" limitation is one which seriously interferes with functioning. 20 C.F.R. § 416.926a(e)(2)(i). "Marked" limitation means "more than moderate" but "less than extreme." 20 C.F.R. § 416.926a(e)(2)(i). "It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." *Id*.

An "extreme" limitation is one that "interferes very seriously with [a child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). An "extreme" limitation means "more than marked." 20

7

C.F.R. § 416.926a(e)(3)(i). "It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean." *Id*.

The ALJ concluded that B.W. has a marked limitation in acquiring and using information. (ECF No. 10 at Pg ID 49-50.) However, the ALJ concluded that B.W. has less than marked limitation in attending and completing tasks, interacting and relating with others, caring for herself, and health and physical well-being (*id.* at 51-57) and no limitation moving about and manipulating objects (*id*. at 55).

As indicated earlier, Magistrate Judge Ivy acknowledges that the ALJ's discussion of Listing 112.11 was cursory. (ECF No. 20 at Pg ID 467.) However, he finds the error harmless because the ALJ's decision, as a whole, reflects how the ALJ would have analyzed the paragraph B criteria. (*Id.* at Pg ID 477.) Magistrate Judge Ivy finds substantial evidence in the record to support the ALJ's decision. (*Id.* at Pg ID 479.)

**Plaintiff's Challenges**

Plaintiff argues that the ALJ erred in her assessment of Listing 112.11. First, Plaintiff maintains that the ALJ provided an inadequate meets or medically equals analysis. Specifically, Plaintiff argues, the ALJ provided no analysis of the "A" criteria and a cursory analysis of the "B" criteria. According to Plaintiff, the record evidence shows that B.W. has an extreme—or at least marked—limitation

8

in understanding, remembering, or applying information and a marked limitation in concentration, persistence, or pace.

Plaintiff next maintains that this error is not harmless because, contrary to Magistrate Judge Ivy's conclusion, the ALJ's discussion of the six domains of functional equivalence does not cure her failure to discuss the B criteria. Plaintiff argues that Magistrate Judge Ivy went beyond the ALJ's decision to provide the missing analysis. Plaintiff asserts that substantial evidence supports a finding that B.W. has at least a marked limitation in the first two domains and likely an extreme limitation in the first.

## **Analysis**

The ALJ's failure to address the paragraph A criteria of Listing 112.11 is harmless because, to meet or medically equal the Listing, a claimant must satisfy *both* the paragraph A and paragraph B criteria. *See supra*; *see Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003)) ("In order to be found disabled based upon a listed impairment, the claimant must exhibit all the elements of the Listing.").

With respect to the ALJ's paragraph B "analysis," it is cursory. Nevertheless, unlike the cases Plaintiff cites in her briefs, the ALJ specified the Listings considered and, with respect to the Listing at issue here, stated her conclusions regarding the paragraph B criteria, albeit without an explanation for

9

those conclusions.  In comparison, in the cases Plaintiff cites, the ALJ did not identify the Listing(s) considered, rendering it impossible on review to assess what the relevant criteria would be and whether the ALJ's decision, when read as a whole, explained how the ALJ would have evaluated that criteria.  *See M.G. v. Comm'r of Soc. Sec.*, 861 F. Supp. 2d 846, 858 (E.D. Mich. 2012) (pointing out that the ALJ did not "even identify which Listing(s) Plaintiff's impairments were compared with"); *Risner v. Comm'r of Soc. Sec.*, No. 1:11-cv-036, 2012 WL 893882 (S.D. Ohio Mar. 15, 2012) (indicating that the ALJ did not reference a particular Listing).[2]

An ALJ, however, need not "spell out every consideration that went into the step three determination."  *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006).  Further, an ALJ's failure to articulate his or her step three findings does not require reversal and/or a remand if the error is harmless.  (ECF No. 20 at Pg ID 469-70 (citing cases)); *see also M.G.*, 861 F. Supp. 2d at 859-61; *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009).  The Court agrees with Magistrate Judge Ivy that the ALJ's error is harmless because the ALJ's entire

---

[2] Plaintiff's counsel provides the wrong citation and identifies the wrong court when citing *Risner*.  (*See* ECF No. 22 at Pg ID 389.)  The Court presumes the above case is what counsel intended to cite because, in the brief in support of Plaintiff's motion for summary judgment, counsel cites to *Christopher v. Commissioner of Social Security*, No. 11-13547, 2012 WL 2274328, at *10 (E.D. Mich. June 18, 2012) citing *Risner*, and this is the case cited there.

decision reflects how she would have evaluated the record to reach the conclusions that she did and substantial evidence supports those conclusions. In reaching this determination, the Court is cognizant of the Sixth Circuit's warning that it may be difficult or impossible to determine whether an error is harmless when the record contains "conflicting or inconclusive evidence" not resolved by the ALJ or "evidence favorable to the claimant that the ALJ simply failed to acknowledge or consider." *Rabbers*, 582 F.3d at 657-68. However, there is no conflicting or inconclusive evidence in the record that the ALJ did not resolve, nor evidence favorable to B.W. that the ALJ failed to consider.[3]

    Plaintiff points to record evidence supporting a different conclusion; however, this Court's role is not to reweigh conflicting evidence de novo or decide questions of credibility. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (citing *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). If substantial evidence supports the ALJ's decision, this Court defers to that finding

---

[3] Plaintiff focuses on a teacher questionnaire indicating that B.W. had "very serious" problems in acquiring and using information and a "serious" problem in "working at reasonable pace/finishing on time" and an "obvious problem" "completing work accurately without careless mistakes." (ECF No. 22 at Pg ID 496-97 (citing Tr. 176, 178).) The ALJ considered the questionnaire, however, and in fact gave it substantial weight. (ECF No. 10 at Pg ID 48.) There is no basis from which to conclude, as Plaintiff does, that "very serious" translates to "extreme" and "serious" translates to "marked" as used in the regulatory definitions. Further, the ALJ considered the questionnaire in the context of the whole record.

"even if substantial evidence would support the opposite conclusion." *Bass*, 499 F.3d at 509 (citing *Longworth*, 402 F.3d at 595).

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Ivy's R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 17) is **DENIED**;

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (ECF No. 19) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 8, 2021